**In re: Bradlof BROWN, Petitioner.**

No. 08–1637.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
March 31, 2008.

Filed April 15, 2008.

Bradlof Brown, Big Spring, TX, pro se.

Before: SCIRICA, Chief Judge,
ALDISERT and GARTH, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

On September 22, 2006, Brown, a prisoner proceeding pro se, filed a 28 U.S.C. § 2255 motion in the District Court to vacate, set aside, or correct his sentence, primarily alleging ineffective assistance of counsel. Brown filed a petition for a writ of mandamus with this Court, seeking an order compelling the District Court to act upon his § 2255 motion. Brown's mandamus petition was docketed on March 7, 2008.

Shortly before the mandamus petition was docketed, the District Court entered an order, pursuant to 18 U.S.C. § 3582(c) and by agreement of the parties, reducing Brown's sentence from 63 to 52 months and reflecting the District Court's intention that Brown should be released from custody that day. In response to a subsequent motion by the Government, on March 12, 2008, the District Court vacated the March 3, 2008 order and again reduced Brown's sentence, this time to time served. The record now reflects that Brown has been released

A writ of mandamus is a drastic remedy, which is "seldom issued and its use is discouraged." *Lusardi v. Lechner,* 855 F.2d 1062, 1069 (3d Cir.1988). Issuance of the writ is largely discretionary. *Hahnemann Univ. Hosp. v. Edgar,* 74 F.3d 456 (3d Cir.1996). In light of the latest activity in the District Court action as well as

 

his recent release, we are confident that, if Brown indicates a continued desire for § 2255 relief, the District Court will act upon Brown's § 2255 motion, which remains outstanding on the District Court's docket. We will therefore deny the petition for mandamus.